UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN PICARDI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAJOR ENERGY ELECTRIC SERVICES LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Karen Picardi ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant Major Energy Electric Services LLC ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief through the investigation of Plaintiff's counsel as to all other matters, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Federal Communications Commission's implementing regulations.

2. To promote its services, Defendant engages in harassing unsolicited telemarketing to consumers whose numbers are registered on the National Do Not Call Registry without the required prior express written consent, and it ignores consumers' requests to not receive further calls, which are violations of the TCPA.

3. Through this action, Plaintiff seeks injunctive relief to end Defendant's ongoing and future violations of the TCPA has resulted in the invasion of privacy, harassment, aggravation,

and disruption of the daily life of thousands of individuals (the "Class," defined *infra*). Plaintiff also seeks an award of statutory damages to Plaintiff and the Class.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed the unlawful telemarketing campaign at issue to consumers in this District, including to Plaintiff's cellular telephone, which has a Massachusetts area code (617), and Plaintiff received Defendant's unlawful telemarketing calls while residing, and physically present, in Massachusetts.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this suit occurred in this District.

## PARTIES

7. Plaintiff is a natural person and, at all relevant times, was a resident of Middlesex County, Massachusetts.

8. Defendant is a limited liability company organized under the law of New York with its principal place of business located in Houston, Texas.

## FACTUAL ALLEGATIONS

9. At all relevant times, Plaintiff was the subscriber and sole user of the telephone number ending in 1161.

10. Plaintiff's telephone number has been registered on the National Do Not Call Registry ("DNC") since March 06, 2008.

11. The Plaintiff personally registered the telephone number on the National Do Not Call Registry.

12. To promote the sale of its goods and services, Defendant engages in aggressive and intrusive telemarketing solicitations to telephone numbers registered on the DNC, without the required prior express written consent, and Defendant continues to place those unlawful calls to consumers who requested not to receive further calls from Defendant.

13. Beginning around June 24, 2024, Defendant began bombarding Plaintiff with unsolicited telemarketing calls.

14. As examples, without limitation, Plaintiff received phone calls from Defendant from various telephone numbers and on various dates as follows:

   a. On June 24, 2024, from (781) 798-2099;

   b. On June 25, 2024, from (774) 285-7844;

   c. On June 27, 2024, from (339) 330-6899;

   d. On June 27, 2024, from (781) 746-7561;

   e. On June 28, 2024, from (339) 300-7861;

   f. On June 28, 2024, from (513) 877-0076;

   g. On July 2, 2024, from (781) 786-4858;

   h. On July 8, 2024, from (339) 330-5707;

   i. On July 12, 2024, from (781) 854-5073;

   j. On July 17, 2024, from (617) 795-0210; and

   k. On September 5, 2024, from (617) 334-8100.

15. During each call, Plaintiff asked to not receive further calls.

16. Defendant ignored each of Plaintiff's opt out requests and continued placing calls to Plaintiff.

3

17. Defendant's calls to Plaintiff constitute telemarketing and/or advertising under the TCPA because they were placed for the purpose of promoting Defendant's goods or services.

18. The Defendant was interested in selling its energy services to the Plaintiff.

19. The Defendant offered to have the Plaintiff switch its energy provider to them.

20. Plaintiff has no established business relationship with Defendant.

21. Plaintiff never provided Defendant with prior express written consent, or any consent, to receive the telephone calls at issue.

22. Even if Plaintiff had consented to receive Defendant's telephone solicitations (which she did not), Plaintiff revoked any such purported consent when she asked to not receive further calls from Defendant or on its behalf.

23. Defendant's failure to honor Plaintiff's optout requests strongly suggests that Defendant (1) does not have a written policy for maintaining an internal do not call list, as required by 47 U.S.C. § 64.1200(d)(1); (2) does not inform and train its personnel engaged in telemarking on the existence and use of any internal do-not-call list, as required by Section 64.1200(d)(2); and (3) does not maintain a record of a consumer's request not to receive further calls, as required by Section 64.1200(d)(6).

24. Defendant's unlawful telemarketing calls caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, wasted time, disruption to their personal and daily life, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

25. Plaintiff brings this action individually and as a class action on behalf of the following proposed Classes:

**The DNC Class:** All persons in the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) received two or more telephone calls in any 12-month period (2) by or on behalf of Defendant (3) for the purpose of promoting Defendant's goods or services, (4) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days.

**The Internal DNC Class:** All persons in the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) received two or more telephone calls in any 12-month period (2) by or on behalf of Defendant (3) for the purpose of promoting Defendant's goods or services, (4) after requesting to not receive telephone calls from Defendant or on Defendant's behalf.

26. The Classes defined above are, at times, collectively referred to herein as the "Class."

27. Plaintiff reserves the right to expand or narrow the definitions of the Classes following discovery.

28. Excluded from the Class is Defendant and its employees and agents.

29. *Numerosity*. The members of the Class are so numerous that individual joinder is impracticable. Plaintiff cannot know the exact number of Class members affected by Defendant's conduct, but based on the general nature of telemarketing campaigns, Plaintiff believes, and therefore alleges upon information and belief, that each Class includes, at a minimum, at least 40 members. The members of the Class are ascertainable because they are defined by reference to objective criteria. The exact number and identities of the Class members is unknown at this time but can be ascertained through discovery, and identification of the Class members is a matter capable of ministerial determination from Defendant's records.

30. *Common questions of law and fact predominate.* There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

    a. Whether Defendant placed telephone calls or directed calls to be placed to Plaintiff and the Class while their telephone numbers were registered on the DNC;

    b. Whether Defendant placed telephone calls or directed telephone calls to be placed to Plaintiff and the Class after they requested to not receive calls from Defendant or on its behalf;

    c. Whether Defendant maintains the required processes, procedures, and protocols to prevent placing telephone calls to persons who made a request to not receive calls from Defendant or on its behalf;

    d. Whether Defendant's telephone calls introduced an advertisement or constitute telemarketing under the TCPA;

    e. Whether Defendant can meet its burden of showing that it had prior express written consent to place telephone calls to Plaintiff and the Class;

    f. Whether Defendant acted knowingly or willfully;

    g. Whether Defendant is liable to Plaintiff and the Class for statutory damages and the amount of such damages; and

    h. Whether Defendant should be enjoined from engaging in such conduct in the future.

31. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class because they are based on the same factual and legal theories, Plaintiff and the Class members were harmed by Defendant in the same way, and Plaintiff is not subject to any unique defenses.

32. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class

action litigation, including TCPA litigation, and Plaintiff intends to vigorously prosecute this action. Further, Plaintiff has no interests that are antagonistic to those of the members of the Class.

33. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the amount of individual damages to each member of the Class resulting from Defendant's wrongful conduct does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

34. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

## CAUSES OF ACTION

## COUNT 1

**Violation of the TCPA**
**47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the DNC Class)**

35. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

36. The TCPA establishes a national DNC registry of telephone numbers of consumers who object to receiving telephone solicitations. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014.

37. The FCC's implementing regulation under the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to[] [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c)(2).

38. A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of … property, goods, or services, which his transmitted to any person", but excludes a call or message "to any person with that person's prior express invitation or permission" and "to any person with whom the caller has an established business relationship." 47 C.F.R. § 64.1200(f)(15).

39. A violation of Section 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), which provides a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)]," which includes Section 64.1200(c). 47 U.S.C. § 227(c).

40. Defendant violated Section 64.1200(c) by initiating, or causing to be initiated on its behalf, more than one telephone solicitation in a 12-month period to Plaintiff and the members of the DNC Class while their respective telephone numbers were registered on the DNC.

41. As a result of Defendant's violations of the TCPA, Plaintiff and the other members of the Class were harmed.

42. Plaintiff and the members of the Class are entitled to an injunction against Defendant's conduct. *See* 47 U.S.C. § 227(c)(5)(A).

43. Plaintiff and the Class are entitled to an award of statutory damages of $500.00 for each text messages that violates the TCPA. *See* 47 U.S.C. § 227(c)(5)(B).

44. Because Defendant knew or should have known that it was contacting numbers on the national DNC registry without consent, Defendant's violations of the TCPA were willful or knowing.

45. Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. *See* 47 U.S.C. § 227(c)(5)(C).

## COUNT 2

### Violation of the TCPA
### 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Internal DNC Class)

46. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above, except for those allegations in the preceding Count, as though fully set forth herein.

47. Under the FCC implementing regulations that are actionable through the TCPA:

No person or entity shall ***initiate any call for telemarketing purposes*** to a residential telephone subscriber ***unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity***. The procedures instituted must meet the following minimum standards:

> **(1)** *Written policy*. Persons or entities making…calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2)** *Training of personnel*. Personnel…engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> **(3)** *Recording, disclosure of do-not-call requests*. If a person or entity making…any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request

> within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not- call request. A person or entity making…any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
>      \*    \*    \*
>
> **(6)** *Maintenance of do-not-call lists.* A person or entity making…any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d) (emphasis added).

48. A violation of Section 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227] may" bring a private action. 47 U.S.C. § 227(c)(5).

49. Plaintiff and the Internal DNC Class members made requests to Defendant to not receive future telemarketing calls.

50. Defendant failed to honor Plaintiff's and the Internal DNC Class members' opt-out requests and placed two or more telephone calls within a 12-month period to Plaintiff and the Internal DNC Class members.

51. Defendant's telephone calls to Plaintiff and the Internal DNC Class members constitute "telemarketing" under the TCPA because they were sent "for the purpose of encouraging

10

the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(13).

52. Defendant's failure to honor Plaintiff's opt-out request strongly suggests that Defendant does not comply with requirements of Section 64.1200(d) to (1) maintain the required written policies; (2) provide adequate training to its personnel engaged in telemarketing; (3) maintain an internal do-not-call list; and (4) honoring opt-out requests.

53. Thus, because Defendant does not comply with the requirements of Section 64.1200(d), Defendant violated Section 64.1200(d) every time it "initiate[d] **any call** for telemarketing purposes" (*i.e.* every telephone call it placed as part of its telemarketing campaign, regardless of whether any consumer made an optout request).

54. As a result of Defendant's violations of the TCPA, Plaintiff and the other members of the Internal DNC Class were harmed.

55. Plaintiff and the members of the Internal DNC Class are entitled to an injunction against Defendant's conduct. *See* 47 U.S.C. § 227(c)(5)(A).

56. Plaintiff and the Internal DNC Class are entitled to an award of statutory damages of $500.00 for each text message that violates the TCPA. *See* 47 U.S.C. § 227(c)(5)(B).

57. Because Defendant knew or should have known that it was initiating calls for telemarketing purposes without having the procedures in place to record and honor opt out requests that Section 64.1200(d) requires, Defendant's violations of the TCPA were willful or knowing.

58. Thus, Plaintiff and the Internal DNC Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. *See* 47 U.S.C. § 227(c)(5)(C).

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An Order certifying the Classes, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B. An Order declaring that Defendant's actions alleged herein violate the TCPA;

C. An award to Plaintiff and each member of the Class of statutory damages of $500 for each telephone call that Defendant placed in violation the TCPA;

D. An award of statutory damages of $1,500 for each violation of the TCPA that Defendant committed knowingly or willfully;

E. An award to Plaintiff and the Class of pre-judgment interest from the date of the violation and post-judgment interest at the legal rate;

F. An award to Plaintiff and the Class of their reasonable attorneys' fees and the costs of this action;

G. An injunction requiring Defendant to stop placing unsolicited telemarketing calls to telephone numbers registered on the National Do Not Call Registry without prior express written consent;

H. An injunction requiring Defendant to comply with the requirements of 47 C.F.R. § 64.1200(d); and

I. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases

or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in placing the telephone calls at issue.

Respectfully submitted,

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

Christopher Gold, Esq.*, subject to pro hac vice*
Florida Bar No. 088733
**GOLD LAW, P.A.**
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 561-789-4413
chris@chrisgoldlaw.com

Dated: October 20, 2024