# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KAREN PICARDI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAJOR ENERGY ELECTRIC SERVICES, LLC.,<br><br>Defendant. | Case No. 1:24-CV-12657-JEK |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MAJOR ENERGY ELECTRIC SERVICES, LLC'S MOTION TO DISMISS

Defendant Major Energy Electric Services, LLC ("MEES"), respectfully moves this Court to dismiss Plaintiff Karen Picardi's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As set forth herein, Plaintiff's allegations in the Complaint fail to state a claim as to both counts.

**I.     INTRODUCTION**

Plaintiff's Complaint fails to state a plausible claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for two reasons—each of which warrants dismissal under Federal Rule of Civil Procedure 12(b)(6).

First, Plaintiff does not allege that the telephone number at issue is a residential line, a fundamental element required to bring claims under the National Do Not Call ("DNC") Registry provisions. *See* 47 C.F.R. § 64.1200(c)(2). Without factual allegations establishing that the number qualifies as a residential line, Plaintiff cannot sustain her claims under either Count I or Count II.

Second, Plaintiff's claims under 47 C.F.R. § 64.1200(d) fail because she does not plausibly allege that MEES lacked the requisite telemarketing safeguards mandated by law. Liability under this provision requires specific factual allegations demonstrating noncompliance, yet Plaintiff provides only speculative and conclusory allegations.

Accordingly, Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6).

**II.    PLAINITFF'S ALLEGATIONS**

Plaintiff alleges that, despite her telephone number being registered on the DNC since March 6, 2008, she began receiving unsolicited telemarketing calls from MEES on or around June 24, 2024, and that MEES continued to place calls even after she requested not to receive further calls Complaint ("Compl.") at ¶¶ 10, 13, 15-16.

**III.   LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Two basic principles guide the court's analysis: First, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Sagar v. Kelly Auto. Grp., Inc.*, No. 21-CV-10540-PBS, 2021 WL 5567408, at *2 (D. Mass. Nov. 29, 2021) (internal citations omitted).

The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)

Although detailed factual allegations are not required to survive a motion to dismiss, "more than labels and conclusions" are required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. *Id*. The facts alleged must "raise a right to relief above the speculative level." *Id*. The plaintiff must "nudge[ ] [the] claims across the line from conceivable to plausible," or the claims will be dismissed. *Id*. at 570.

IV. **ARGUMENT – THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST MEES IN ITS ENTIRETY BECAUSE SHE DOES NOT PLAUSIBLY ALLEGE ANY VIOLATION OF THE TCPA**

    A. **Plaintiff Fails to Adequately Plead the At-Issue Phone Number is Was a "Residential Telephone Subscriber" Within the Meaning of 47 C.F.R. §64.1200(c).**

The National Do Not Call ("DNC") Registry provisions under 47 U.S.C. § 227(c)(5) of the TCPA and its implementing regulations in 47 C.F.R. § 64.1200(c)(2) only apply to calls made to "residential telephone subscribers who are on a national do-not-call list." *Murray v. Grocery Delivery E-Servs. USA Inc.*, 55 F.4th 340, 347 (1st Cir. 2022). The elements of such a claim are: (1) *a residential telephone subscriber* (2) received more than one telephonic solicitation (3) by or on behalf of the same entity (4) during a twelve-month period (5) to a number that the subscriber registered on the National DNC Registry. *Id. (emphasis added).* Similarly, to allege a violation of 47 C.F.R. § 64.1200(d), "a plaintiff must show that *she is a residential telephone subscriber*, that received a telemarketing call, and that an entity placing the calls failed to institute the proper procedures prior to the initiation of the call." *Menin v. Star Markets Co., Inc.*, No. 23-CV-11918-DJC, 2024 WL 4123522, at *3 (D. Mass. Sept. 9, 2024) (*emphasis added*).

Therefore, to succeed on both her Counts, Plaintiff must first put forth sufficient factual allegations to plausibly establish that she is a "residential telephone subscriber" – because she cannot meet this burden, her claims must be dismissed. *See Cunningham v. Politi*, No. 4:18-CV-00362 ALM-CAN, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26, 2019) adopted by No. 4:18-CV-362, 2019 WL 2526536 (E.D. Tex. June 19, 2019) (holding that Section 227(c)'s private right of action is "limited to redress for violations of the regulations that concern *residential* telephone subscribers.") (*emphasis added*); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1201 (M.D. Tenn. 2017) (dismissing the case for the plaintiff's failure to assert that the phone was residential); *Strange v. Doe #1*, No. CV 19-1096, 2020 WL 2476545, at *3 (W.D. La. May 12, 2020) (holding that a plaintiff may not recover pursuant to Section 227(c) where he has not put forth any evidence establishing that his cellular telephone is used for residential purposes).

Thus, in the absence of *any* allegation that Plaintiff's number is a residential number, or used for residential purposes, Plaintiff's claim under Section 227(c) must be dismissed.

### B.  Plaintiff Fails To Plausibly Allege That MEES Does Not Follow The Requisite Safeguards Prescribed by 47 C.F.R. 64.1200(d).

In order to have a claim under 47 C.F.R. § 64.1200(d), Plaintiff must plausibly allege that MEES lacks proper safeguards and procedures mandated by the provision. *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 139 (D. Conn. 2016), aff'd, 686 F. App'x 48 (2d Cir. 2017). A § 64.1200(d) violation is based on the fact that a telemarketer failed to implement certain procedures prior to the initiation of a phone call. *See Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 632 (6th Cir. 2009) ("The 'violation of the regulations' is therefore the initiation of the phone call without having implemented the minimum procedures."). Therefore, Plaintiff must establish that the calls she allegedly received were initiated prior to the implementation of proper procedures. *Simmons*, 222 F. Supp. 3d at 139; *see also Benzion v. Vivint, Inc.*, No. 12-61826-CIV, 2014 WL 11531368, at *5 (S.D. Fla. Jan. 17, 2014) (same). Subsection (d) "simply requires the institution of certain procedures prior to the initiation of telemarketing calls.... If the procedures required by (d) are not in place prior to a call being made, the caller can be held liable." *Gulden v. Quicken Loans Inc.,* No. CV-16-00960-PHX-ROS, 2016 WL 9525223, at *3 (D. Ariz. May 31, 2016) (citing *Simmons*, 222 F. Supp. 3d at 131) (quotation marks omitted). Because Plaintiff has failed to plausibly allege the lack of such procedures, her claim must be dismissed.

Specifically, Plaintiff's conclusory allegations are that "Defendant's failure to honor Plaintiff's optout requests strongly suggests that Defendant (1) does not have a written policy for maintaining an internal do not call list, as required by 47 U.S.C. § 64.1200(d)(1); (2) does not inform and train its personnel engaged in telemarking on the existence and use of any internal do-not-call list, as required by Section 64.1200(d)(2); and (3) does not maintain a record of a

consumer's request not to receive further calls, as required by Section 64.1200(d)(6)." Compl. ¶ 23. However, this is not sufficient to plausibly allege a violation of § 64.1200(d), as Plaintiff has failed to explain *how* she came to the conclusion that MEES does not have required procedures and safeguards in place. *Callier v. Defendant Home Loans, Inc.*, No. EP-22-CV-49-DB, 2022 WL 16858520, at *6 (W.D. Tex. Nov. 10, 2022). Although the Court must "take all factual allegations in the complaint as true" this presumption does not apply to "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Plaintiff's assertion is conclusory because she "tells" the Court that MEES violated § 64.1200(d) but she does not "explain" how she reached this conclusion. *Callier*, 2022 WL 16858520, at *6.

First, Plaintiff's allegation that MEES violated 47 C.F.R. § 64.1200(d)(1) because it "does not have a written policy for maintaining an internal do not call list" is insufficient, because Plaintiff has failed to adequately dispute the existence of MEES's internal do not call list and policies, or that MEES's procedures were lacking in any way. *See Barr v. Macys.com, LLC*, No. 1:22-CV-07867 (ALC), 2023 WL 6393480, at *5 (S.D.N.Y. Sept. 29, 2023) (granting motion to dismiss where plaintiff did not put forward evidence that defendant lacked proper procedure at the time the contact was made); *see also Rahimian v. Adriano*, No. 2:20-cv-02189-GMN-VCF, 2022 WL 798371, at *3 (D. Nev. Mar. 16, 2022) (dismissing plaintiff's internal DNC claim where she "does not allege further facts to reasonably infer that Defendants maintained a DNC policy and further, that Defendant Adriano called him in violation of such policy."). Further, Plaintiff cannot plausibly allege an internal do not call list violation when she "did not request a copy of the Do Not Call Registry" from MEES. *Rahimian*, 2022 WL 798371, at *3. Plaintiff has not asserted that she made such a request.

Second, Plaintiff does not point to specific evidence that the callers were not "informed

6

and trained in the existence and use of the DNC list." 47 C.F.R. § 64.1200(d)(2). Plaintiff does not, for example, explain that the callers, when questioned, were unaware of the DNC policy or could not answer questions about the policy. *See Callier v. Defendant Home Loans, Inc.*, No. EP-22-CV-49-DB, 2022 WL 16858520, at *6 (W.D. Tex. Nov. 10, 2022) (dismissing plaintiff's claim that defendants violated 47 C.F.R. § 64.1200(d)(2) where plaintiff only made conclusory allegations).

Lastly, Plaintiff's allegation that MEES "failed to honor [her] opt out requests" does not suffice even if taken at face value, because the regulations do not prohibit "actually calling an individual after the individual has requested placement on a do-not-call list ... nor do the regulations specifically proscribe failing to record an individual's request to be placed on a do-not-call list." *Charvat v. DFS Servs. LLC*, 781 F.Supp.2d 588, 592 (S.D. Ohio 2011) (citing *Charvat*, 561 F.3d at 632). Thus, in order to bring a claim under this provision, Plaintiff cannot rely solely on the allegation that MEES failed to record or honor her alleged request to be placed on a DNC list. *See id.*

Plaintiff has failed to meet the threshold for stating a plausible claim under section 64.1200(d). Plaintiff's claim is legally insufficient without additional facts to show a pattern of non-compliance. Consequently, the allegations are implausible, and the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**V.   CONCLUSION**

For the foregoing reasons, MEES respectfully requests that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

*(Signature on following page)*

Respectfully submitted,

MAJOR ENERGY ELECTRIC SERVICES, LLC,

By its attorney,

*/s/Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
Kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
(617) 217-4700
(617) 217-4710 (fax)

Dated: December 9, 2024

8

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 9, 2024 a copy of the foregoing was served by ECF to counsel of record.

               */s/ Kevin P. Polansky*
               Kevin P. Polansky